S97A1511. SYNTEC INDUSTRIES, INC. et al. v. GODFREY.
(496 SE2d 905)

SEARS, Justice.

We granted a discretionary appeal in this case to consider whether OCGA § 34-9-103 (a), as amended in 1994,[1] violates due process by impermissibly shifting the burden of proof on appeal to a prevailing party who did not have a burden of proof before the administrative law judge; whether it permits the appellate division of the State Board of Workers' Compensation to weigh the evidence and judge the credibility of witnesses, and if so, whether that authority violates due process; and whether the appellate division unconstitutionally shifted any burden of proof to appellant Syntec Industries in this case. We conclude that the statute does not impermissibly shift any burden of proof, and that the appellate division did not improp-

---

[1] Ga. L. 1994, p. 887, § 8.

erly shift any burden of proof to Syntec in this case. Further, we note that this Court has already held that § 34-9-103 (a) does permit the appellate division to weigh the evidence and judge the credibility of witnesses,[2] and we decline to address Syntec's constitutional challenge to this procedure because the record demonstrates that this challenge was not raised before the appellate division or the superior court. We therefore affirm the trial court's judgment.

1. OCGA § 34-9-103 (a) provides in relevant part that

> If an application for review is made to the appellate division within 20 days of notice of the award, the appellate division shall review the evidence and shall then make an award with findings of fact and conclusions of law. A copy of the award so made on review shall immediately be sent to the parties at dispute. Upon review, the appellate division may remand to an administrative law judge in the trial division any case before it for the purpose of reconsideration and correction of apparent errors and omissions and issuance of a new award, with or without the taking of additional evidence, or for the purpose of taking additional evidence for consideration by the appellate division in rendering any decision or award in the case. The findings of fact made by the administrative law judge in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence contained within the records.

In *Bankhead Enterprises v. Beavers*,[3] this Court held that § 34-9-103 (a) permitted the appellate division to weigh the evidence and assess the credibility of witnesses, and required it to accept the findings of the administrative law judge where, after making the foregoing assessment, the appellate division found that the findings were supported by a preponderance of the evidence.[4] "But, if after assessing the evidence of record, the appellate division concludes that the award does not meet the statute's evidentiary standards, the appellate division may substitute its own alternative findings for those of the ALJ, and enter an award accordingly."[5]

Contrary to Syntec's contention, this statutory scheme does not unconstitutionally shift any burden of proof on review to the appellate division to a party who prevailed before the ALJ and who did not

---

[2] *Bankhead Enterprises v. Beavers*, 267 Ga. 506, 507 (480 SE2d 840) (1997).
[3] 267 Ga. 506.
[4] Id. at 507-508.
[5] Id. at 507.

have a burden of proof before the ALJ. In other words, the statute does not, as Syntec contends, require a prevailing party before the ALJ to prove to the appellate division that the award of the administrative law judge was supported by a preponderance of competent and credible evidence. On the contrary, the language providing that the appellate division must accept the ALJ's findings if supported by competent and credible evidence merely provides a standard of review for the appellate division. Moreover, contrary to the implications in Syntec's brief, the standard of review in no way relieves a claimant of his burden to prove that he has suffered a compensable injury and in no way shifts the burden to the employer to prove that the claimant is not entitled to recover.

Analyzed from a different perspective, the weakness of Syntec's position is readily apparent. When the appellate division substitutes its findings for the ALJ's findings, a superior court reviewing the appellate division's findings must affirm "if there was evidence to support the appellate division's substitute findings." The fact that the superior court must affirm if there is evidence to support the appellate division — like the appellate division must affirm the ALJ's findings where supported by a preponderance of competent and credible evidence — does not mean that the prevailing party, as the appellee on appeal, has a burden of proof on appeal to demonstrate that there is evidence to support the appellate division's findings. Although the appellee may certainly wish to make such an argument, there is no impermissible shift of a burden of proof.

2. Having examined the record in the present case, we conclude that the appellate division did not impermissibly shift any burden of proof to Syntec.

3. Because the record does not reveal that Syntec contended, either before the superior court or the appellate division, that § 34-9-103 violated due process by permitting the appellate division to weigh the evidence and assess the credibility of witnesses, Syntec may not raise that issue on appeal.[6]

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 9, 1998.

---

[6] See *Harrison v. Southern Talc Co.*, 245 Ga. 212, 213 (3) (264 SE2d 2) (1980); *Blackston v. State Dept. of Nat. Resources*, 255 Ga. 15, 18 (334 SE2d 679) (1985).

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Hendrick L. Cromartie III,* for appellants.
*Lloyd C. Burton,* for appellee.