A02A1987. HARRIS COUNTY SHERIFF'S OFFICE et al.
v. NEGRETE.
(578 SE2d 579)

JOHNSON, Presiding Judge.

Joseph Negrete, an off-duty deputy sheriff, was injured in a motor vehicle collision while driving to his part-time job as a security guard at a manufacturing plant. He sought and was awarded workers' compensation benefits. The award of the administrative law judge was adopted by the appellate division, and the appellate division's decision was affirmed by the superior court. The employer and insurer were granted permission to file this discretionary appeal.

Even when not working a scheduled shift, Negrete was on call 24 hours a day. At the time of the collision, he occupied a county-owned patrol car pursuant to a departmental policy that permitted him to use the vehicle for transportation to and from part-time security jobs, but which required that he be in uniform and carry his badge, identification, and authorized firearm. Also, he was required to and did

---

[16] Id. at 289.

radio the dispatcher that he was placing the vehicle in use. The deputy thereby became subject to respond to radio calls. While the vehicle was in such use, the deputy was required to render aid to motorists, back up other officers, respond to alarms or other incidents, and be observant for any suspicious or criminal behavior. Failure to perform these and other duties would subject the deputy to discipline. The lengthy description of the deputy's duties while using the county car to travel to or from a part-time security job is characterized in the testimony of the sheriff who opined that there was no meaningful difference between a deputy's duty while on regular patrol and while returning home from a part-time job.

Based on this evidence that the deputy was performing the identical functions for his employer that he would have been performing if working a patrol shift, the ALJ concluded that the deputy was performing a law enforcement function at the time of the collision, and that the deputy's injuries arose out of and in the course of his employment as a deputy sheriff.[1] Thus, an award of temporary total disability benefits and medical benefits was entered by the ALJ. Also, the ALJ found that no reasonable defense had been presented to the deputy's claim and awarded assessed attorney fees.

While this court granted the discretionary application of the employer and insurer, we find no error and affirm. Two issues are raised on appeal.

The first enumeration of error maintains that an incorrect legal standard was applied by the ALJ and subsequently approved at the intermediate levels of review. The ALJ states the issue in the case as "whether the employee was performing an act that can be characterized as a law enforcement function of benefit to his employer. . . ." An affirmative answer resulted in the award being appealed. This is not to say, as suggested by the first enumeration of error, that compensation was awarded solely because the deputy's activities were "of benefit to the employer." Indeed, in the sentence from the ALJ's order, the reference to "of benefit to his employer" is redundant since proper performance of the law enforcement function could be presumed to be beneficial to the public employer. The contention that the ALJ has misread *Barge v. City of College Park*[2] to create a broad extension of workers' compensation coverage to any off-duty law enforcement officer doing something "of benefit" to his employer is unfounded and suggests that any misreading was of the ALJ's order. Instead, the crux of the matter is the factual finding of the ALJ and appellate division that the deputy was conducting a law enforcement

[1] See *Hennly v. Richardson*, 264 Ga. 355, 356 (1) (444 SE2d 317) (1994).
[2] 148 Ga. App. 480 (251 SE2d 580) (1978).

function at the time of the collision, that function being the active patrol of his route to the location of his part-time job.[3]

We also note that the argument presented in support of the first enumeration of error, although acknowledging the "any evidence" rule and without raising any challenge to the findings of fact below, repeatedly presumes a factual predicate entirely contrary to the findings set out above and stated in greater detail in the orders of the ALJ and appellate division. These repeated assertions that the deputy's injuries did not arise out of and in the course of his employment presume that the deputy was not in fact actually conducting the law enforcement duties he was obliged to perform in order to be in compliance with the departmental policy regarding his off-duty use of the county car. This presumption is contrary to the findings below. The ALJ stated that "the employee was in the line of duty and prepared for action . . . ," while the appellate division noted the deputy's testimony that "he was performing the identical functions for the employer that he performed when he was on-duty." Thus, under the particular circumstances of this case, the ostensibly "off-duty" deputy is shown to have been acting in a capacity little different from an on-duty officer. The superior court did not err in affirming the award of workers' compensation benefits to Negrete.

Finally, with respect to the award of attorney fees, this is most assuredly not a case defining the outer boundaries of workers' compensation coverage for law enforcement officers. While there is no significant body of law specifically addressed to the peculiar issues arising from the presumably broader scope of employment connected with law enforcement, this case does not demand review of those few cases which are available. Nonetheless, the applicability of *Barge* was argued by the parties and consequently cited and discussed. The ALJ correctly states that "the employee in this claim has clearly demonstrated a much closer nexus to the duties of his employment" than was shown in *Barge*. This case was easily disposed of under general principles of workers' compensation law, and no reasonable defense has been shown.

The employer's and insurer's position that they could not have anticipated the alleged extension of the *Barge* decision to provide a new "of benefit" standard for awarding workers' compensation benefits to law enforcement officers is without support, lacking any foundation in law or fact. The award of attorney fees was also properly affirmed.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

---

[3] See *Swanson v. Lockheed Aircraft Corp.*, 181 Ga. App. 876, 878 (1) (354 SE2d 204) (1987).

DECIDED FEBRUARY 26, 2003 —

*Drew, Eckl & Farnham, Daniel C. Kniffen, William M. Cummings II, Julie Y. John*, for appellants.
*Samuel W. Oates, Jr.*, for appellee.