A03A0026. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH
v. STEVENS.
(583 SE2d 553)

MIKELL, Judge.

Corporal Eunita Stevens, a City of Savannah police officer, was injured in a motor vehicle collision while driving her Toyota Corolla to work on the morning of November 30, 1999. Stevens, who was a block away from her precinct, was in uniform, armed, and carrying her radio. Contending that her injuries arose out of and in the course of her employment, Stevens filed a workers' compensation claim against her employer/self-insurer, the City of Savannah Police Department ("Department") and the Mayor and Aldermen of the City of Savannah ("the City"). Following a hearing, an administrative law judge ("ALJ") awarded Stevens benefits, and the appellate division of the State Board of Workers' Compensation ("Board") affirmed, with one judge dissenting. The City appealed to the superior court, which affirmed the decision. We granted the City's application for discretionary appeal to determine whether evidence exists to support the award. Because Stevens was injured while in uniform and on the street within the municipality where she was obligated to enforce the law 24 hours a day, we hold that there is some evidence supporting the Board's finding that Stevens's injuries arose out of and in the course of her employment.

Our holding does not mean that the Board must find coverage whenever the circumstances are similar to the case at bar. The Board is presumed to be expert in its field and to have extensive experience in analyzing the circumstances of employment, the duties of employees, and the scope of coverage under the applicable statutes. We defer

to their opinion on all issues of fact. Our decision today recognizes their expert and experienced opinion and merely holds that, under the particular circumstances of this claim, we cannot say that there was *no* evidence to support the Board's decision.[1]

The rules for our review are well settled.

> In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division. It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board.[2]

Guided by these principles, we review the evidence at the hearing before the ALJ. The first witness was Alvin Stokes, a 30-year retired veteran of the Savannah Police Department who was Stevens's precinct captain on the date of her accident. Stokes testified that Stevens became the precinct's administrative officer in 1991. However, he also testified that Stevens continued to work as a patrol officer, filling in as needed on beats and special assignments. Stokes explained that no distinction "whatsoever" existed between Stevens's responsibilities as an administrative officer and those as a patrol officer.

Stokes testified that officers are subject to being called to duty 24 hours a day. Departmental regulations introduced into evidence during his testimony state: "Within the city, members shall at all times take appropriate action to: Protect life and property, preserve the peace, prevent crime, detect and arrest violators of the law, [and] enforce all . . . laws . . . coming within the department's jurisdiction." According to Stokes, "at all times" meant exactly that: if an officer, whether off duty or out of uniform, were asked by a citizen for assistance, the officer was expected to respond appropriately. Moreover, Stevens was required to keep the Department apprised of her current address and telephone number so that she could be reached at any time while off duty.

The next witness at the hearing was Jimmie R. Bomar, a security officer for Best Buy who is also a magistrate judge in Liberty County. Bomar testified that while watching a store monitor during

---

[1] See generally *Liberty Mut. Ins. Co. v. Reed*, 56 Ga. App. 68, 72 (192 SE 325) (1937) (physical precedent only) (where testimony would have supported a verdict either way, commission's decision was final).

[2] (Citation and punctuation omitted.) *Atlas Automotive v. Wilson*, 225 Ga. App. 631, 633 (1) (484 SE2d 669) (1997).

the evening of March 15, 1999, he spotted several individuals attempting to steal CDs. Stevens happened to enter the store at the same time. She was not wearing her uniform, but Bomar recognized her as a police officer and asked her for assistance. Stevens assisted Bomar in arresting the shoplifters.

Stevens, the final witness, testified that she arrived at Best Buy at 8:00 p.m., and she and Bomar apprehended the suspects within about 30 minutes. Stevens testified that two males and a female handed over the CDs they had taken, but the fourth suspect maintained his innocence and threatened to sue for false arrest. Stevens conducted a pat-down search and found four to six CDs in his underwear. She called police dispatch, and an officer arrived at 10:00 p.m. to transport the suspects to jail. Stevens then left. She received no additional compensation for this time.

Stevens further testified that she had been employed continuously by the Department since 1986, first as a patrol officer and then as Stokes's full-time administrative officer from 1991 until her retirement on disability in 2000. Stevens explained that she assisted other officers whenever they were shorthanded: "I guess once you get to be a police officer it gets in your blood. If you hear something serious on the radio, . . . and I have done it many times — you can hear something going on out there really serious and they need assistance, and I'll stop what I'm doing and I get in a police unit and I go out there and assist that officer." Stevens noted that she had written numerous tickets since assuming her administrative duties and that she was still required to obtain 20 hours of certification as a patrol officer each year.

The City enumerates three errors on appeal from the superior court's order, but they all challenge the sufficiency of the evidence to support the Board's decision that Stevens's injuries arose out of and in the course of her employment.

> To be compensable under workers' compensation, an injury or death of an employee must be one "arising out of" and "in the course of" the employment. OCGA § 34-9-1 (4). These two terms are not synonymous. An injury or death "arises out of employment" when it is apparent to the rational mind, upon consideration of all the circumstances, that there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. "In the course of" employment "refers to time, place and circumstances under which the accident took place."[3]

---

[3] (Citations and punctuation omitted.) *Blair v. Ga. Baptist Children's Home &c.*, 189 Ga. App. 579, 580-581 (1) (377 SE2d 21) (1988).

"Whether an injury arises out of and in the course of employment is generally a mixed question of law and fact."[4] As explained in *Barge v. City of College Park*,[5] "[a]n accident 'arises in the course of the employment' within the meaning of the [Workers'] [C]ompensation Act when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties and while he is fulfilling his duties or engaged in doing something incidental thereto."[6] In *Barge*, we held that the death of a police officer, who was murdered while driving to work by someone attempting to prevent him from testifying against a certain defendant, arose out of and in the course of his employment.[7] The officer was in his personal vehicle and was wearing his uniform. We held that the officer

> was, under the circumstances, certainly killed in line of duty, in uniform, armed, and prepared for action. Simply because he was en route to full and active service on the shift to which he was assigned does not prevent him from being in line of duty, prepared at all times to uphold the duties of an officer of the law, that is, "engaged in doing something incidental thereto."[8]

In addition, coverage has been found in a case where the officer was injured in a collision while driving from home to work, although the collision occurred outside the city limits, where the officer was driving a department-issued motorcycle.[9] "Even while he was outside the city limits, he was at a place where it was necessary to be in order to fulfil his duties as a policeman, i.e., on a direct route to his assigned duty post from his home."[10]

In an attempt to distinguish the above-cited cases, the City argues that Stevens's injuries are not compensable because they did not occur while she was "on duty" or performing an activity related to law enforcement. We disagree. "Under the rule of continuous employment, a policeman, as an officer of the law, is on duty or on call, that is, subject to duty, for 24 hours out of every day."[11] The evidence in

---

[4] (Citation and punctuation omitted.) *Wade v. Ga. Diversified Indus.*, 240 Ga. App. 225, 226 (1) (522 SE2d 746) (1999).

[5] 148 Ga. App. 480 (251 SE2d 580) (1978).

[6] (Citation and emphasis omitted.) Id. at 481 (1).

[7] Id. at 480-481.

[8] (Citation omitted.) Id. at 482.

[9] *Bd. of Trustees of the Policemen's Pension Fund &c. v. Christy*, 246 Ga. 553 (272 SE2d 288) (1980).

[10] Id. at 557 (2). See also *Harris County Sheriff's Office v. Negrete*, 259 Ga. App. 891 (578 SE2d 579) (2003).

[11] *Barge*, supra at 482 (1).

this case underscores this principle. Departmental regulations required Stevens to protect Savannah citizenry and property "within the city . . . at all times." She was injured not only within the city, but no more than a block from her precinct. According to Stokes, because Stevens was wearing her uniform at the time of her accident, she was protecting life and property just the same as an officer riding around in a marked unit. Moreover, the evidence showed that Stevens used her personal vehicle for law enforcement duties. Stevens testified that on one occasion, for example, she used her own vehicle to search for armed robbery suspects because of the likelihood that the suspects would flee if they saw a marked patrol unit. The fact that she was in her personal vehicle instead of a patrol unit when the collision at issue occurred did not render the "continuous employment" rule inapplicable. The uncontradicted testimony demonstrated that Stevens was on call, in uniform, armed, carrying a radio, and on the city streets that her job demanded that she protect. Under these circumstances, the superior court did not err in affirming the Board's decision that Stevens's injuries arose out of and in the course of her employment.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JUNE 17, 2003 — 

*Wiseman, Blackburn & Futrell, James B. Blackburn, Jr., Oliver, Maner & Gray, Patrick T. O'Connor, Patricia T. Paul,* for appellants.
*Callaway, Braun, Riddle & Hughes, Timothy F. Callaway III, Harris O'Dell, Jr.,* for appellee.