A04A2079. AMEDISYS HOME HEALTH, INC. et al. v. HOWARD.
(605 SE2d 60)

ELDRIDGE, Judge.

It is undisputed that 24-hour on-call field nurse, appellee-plaintiff Mary Howard, fell in the driveway of her home injuring her ankle in the early evening of January 6, 2002. At the time of her fall, she was carrying patient reports for completion before the following morning, a pager, a cellular telephone, a newspaper, and a takeout pizza for the family's dinner for which she had stopped on the way home. Contending that her injuries arose out of and in the course of employment, Howard filed a workers' compensation claim against her former employer/self-insurer, appellant-defendant Amedisys Home Health, Inc. ("Amedisys"). Following a hearing, an administrative law judge denied Howard benefits. The appellate division of the State Board of Workers' Compensation ("Board") thereafter reversed. We granted Amedisys' application for discretionary review upon the judgment of the Lumpkin County Superior Court affirming the Board's decision. Amedisys appeals, in three enumerations of error, contending that the superior court erred in finding Howard's accident compensable as arising out of and in the course of her employment for Howard's status at the time of the accident as "on-call" and continuously employed. Finding that Howard was injured at her residence after concluding personal business and resuming the business of Amedisys, we affirm.

> In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division. It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board.

(Footnote omitted.) *Mayor & Aldermen of the City of Savannah v.*

*Stevens*, 261 Ga. App. 694, 695 (583 SE2d 553) (2003), rev'd on other ground, 278 Ga. 166 (598 SE2d 456) (2004). If an injury or death is to be compensable under workers' compensation, it must arise out of *and* in the course of the claimant's employment, OCGA § 34-9-1 (4), such determinations as " 'mixed question[s] of law and fact.' [Cit.]" *Wade v. Ga. Diversified Indus.*, 240 Ga. App. 225, 226 (1) (522 SE2d 746) (1999).

An injury arises out of one's employment where there is a "causal connection between the employment and the injury." (Citations omitted.) *Hulbert v. Domino's Pizza*, 239 Ga. App. 370, 372 (2) (521 SE2d 43) (1999).

> The causative danger must be incidental to the character of the employment, and not independent of the relation of master and servant. The accident must be one resulting from a risk reasonably incident to the employment. And a risk is incident to the employment when it belongs to, or is connected with, what a workman has to do in fulfilling his contract of service. The injuries, however, need not arise from something peculiar to the employment but the injury is compensable if after the event it is apparent to the rational mind that there is a causal connection between the conditions under which the employment was performed and the resulting injury.

(Punctuation omitted.) Id. at 372-373. An accident arises in the course of employment under the Workers' Compensation Act "when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties and while he is fulfilling his duties or engaged in doing something incidental thereto." (Punctuation and footnote omitted.) *Mayor & Aldermen of the City of Savannah v. Stevens*, supra at 697.

The evidence showed that Howard's status as a 24-hour on-call registered field nurse and weekend supervisor required that she be available to respond to patient calls, by pager and telephone or by visit to the patient, at any time during the Friday, Saturday, and Sunday shift she worked, whether from her home, the office, or elsewhere in the field. Further, as a condition of her employment she was required to prepare and submit patient reports concerning the home visits she made, such reports due the morning after her visits to patients. Given what it recognized as a voluminous workload, Amedisys allowed its employees to complete its required paperwork at home as necessary and provided them a drop box apart from the office to assist them in getting it in on time.

Amedisys argues that Howard's injury neither arose out of or in the course of her employment because the accident occurred "in the driveway of her home while she was going inside to have dinner[,]" a personal pursuit. We disagree. In this regard, there is evidence that Howard had resumed the work of her employer at the time the accident occurred in that, in addition to the family's dinner, she was bringing time sensitive, job-related paperwork and job-related equipment into her home. Inasmuch as there was evidence that Howard's action in doing so was reasonably incident to her employment in the circumstances of this case, the superior court did not err in finding that Howard's injury arose out of that employment. *Hulbert v. Domino's Pizza*, supra at 373-374; *Mayor & Aldermen of the City of Savannah v. Stevens*, supra at 695. "There is no requirement in our law that the employee at the time of his injury must have no objective other than the business of the employer. [Cit.]" (Punctuation omitted.) *American Mut. Liability Ins. Co. v. Casey*, 91 Ga. App. 694, 696 (86 SE2d 697) (1955). Further, evidence of record showing that Howard was subject to duty in a 24-hour on-call status, the superior court correctly found that the rule of continuous employment was applicable and that she sustained her injury in the course of such employment. *Mayor & Aldermen of the City of Savannah v. Stevens*, supra at 697; *Barge v. City of College Park*, 148 Ga. App. 480, 482 (251 SE2d 580) (1978). Some evidence of record establishing that the superior court did not err in finding Howard's injury at home thus as compensable, we must affirm. *Mayor & Aldermen of the City of Savannah v. Stevens*, supra at 695.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 16, 2004.

*Drew, Eckl & Farnham, John C. Bruffey, Jr., Tracy W. Middlebrooks III*, for appellants.

*J. Franklin Burns*, for appellee.

