A06A1880. STEVENSON et al. v. RAY.
(640 SE2d 340)

RUFFIN, Chief Judge.

Barrett Carlos Stevenson ("Stevenson") and Lisa R. Stevenson filed suit against Timothy Ray, Stevenson's co-worker, asserting claims for personal injury and loss of consortium, respectively. Ray

---

subsequently moved for summary judgment. The trial court granted the motion, and the Stevensons appeal. Because the Stevensons' claims are barred by the exclusivity clause of the Workers' Compensation Act, OCGA § 34-9-11 (a), we affirm the judgment of the court below.

"To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in a light most favorable to the nonmoving party, warrant judgment as a matter of law."[1] Viewed in this manner, the record establishes that on November 8, 2002, Ray was employed by the Laurens County Sheriff's Department as a deputy sheriff. After his shift ended, Ray left work in a marked patrol car, while wearing his uniform. According to Ray, he was subject to call at any time that evening, even though he had left work, because he had a "take home" patrol car. As he was driving home, Ray heard over the police radio that other Laurens County sheriff's deputies were engaged in a pursuit. Ray radioed the shift supervisor to see if he should participate, and the shift supervisor told him not to respond, specifically advising Ray that "the officers on [the] shift could handle it, and that [Ray] was to go home." After a patrol car responding to the pursuit passed Ray, however, he activated his emergency siren and lights and followed the patrol car, "in order to back up [his] fellow officers." Shortly thereafter, Ray's car collided with a patrol car operated by Stevenson, who is also a Laurens County deputy sheriff.[2]

Stevenson and his wife filed suit against Ray, seeking damages for Stevenson's injuries, loss of consortium, and expenses. Ray moved for summary judgment, arguing that the Stevensons' claims against him were barred by the exclusive remedy provision in the Workers' Compensation Act, OCGA § 34-9-11 (a). The trial court agreed, finding that Ray's actions "cannot be described as private and personal" and "were an attempt to assist his fellow officers in their lawful duty." Thus, the trial court concluded that Ray "was acting in the interest of his employer's business" at the time of the collision, and it granted Ray's motion.

"Under OCGA § 34-9-11 (a), 'the Georgia Workers' Compensation Act is now the exclusive remedy for injuries sustained by an employee during the course of employment resulting from the negligence of a co-worker.'"[3] "If, however, the injury was not caused by an accident

---

[1] (Punctuation omitted.) *Mitchell v. Interbay Funding*, 279 Ga. App. 323 (630 SE2d 909) (2006).

[2] The collision occurred in Laurens County.

[3] *Wall v. Phillips*, 210 Ga. App. 490, 491 (436 SE2d 517) (1993). An employee's spouse is similarly barred from bringing a loss of consortium claim against the co-worker of his or her spouse. See *Dickey v. Harden*, 202 Ga. App. 645, 646 (414 SE2d 924) (1992).

arising out of and in the course of employment, then the Workers' Compensation Act provides no remedy and the exclusivity provision does not apply."[4] The Stevensons argue that because Ray was off-duty and had been advised by the shift supervisor not to respond to the incident, the collision between Stevenson and Ray did not arise out of and in the course of Ray's employment and, thus, the Workers' Compensation Act does not bar their claims.[5] We disagree.

An injury arises in the course of employment if, at the time of the injury, the employee is engaged in that employment.[6] In general, collisions occurring while employees are traveling to and from work do not arise out of and in the course of employment.[7] However, police officers are considered to act within the course of their employment when they are " 'on duty or on call, that is, subject to duty,' " because they "are often called to enforce the law at any time within their jurisdiction, regardless of whether or not they are actually on-duty at the time."[8] Although Ray was off-duty at the time of the collision, he was on call. Accordingly, Ray was in the course of his employment at the time of Stevenson's injury.[9]

The fact that the shift supervisor had previously declined Ray's offer to respond does not negate this conclusion. Once the shift supervisor advised Ray that other officers "could handle" the response, Ray did not decide to engage in the pursuit "to aid and assist [his] co-employees and fellow officers" until after another police car passed him. Ray exercised his discretion to engage in the pursuit "in order to back up [his] fellow officers" and, thus, he was acting within the scope of his employment at the time of the collision.[10]

"An injury arises out of certain employment when it results from exposure occasioned by the nature of the employment, or where there is a causal connection between the conditions under which the work is required to be performed and the resulting injury."[11] The collision in this case was related to Ray's work as a police officer.[12] At the time

---

[4] *Connell v. Head,* 253 Ga. App. 443, 444 (559 SE2d 73) (2002).

[5] It is undisputed that Stevenson was engaged in his employment at the time of the collision and that his actions arose out of his employment as a police officer.

[6] See *Mayor &c. of Savannah v. Stevens,* 278 Ga. 166 (1) (598 SE2d 456) (2004).

[7] See id. at 166-167.

[8] Id. at 167; see also *Barge v. City of College Park,* 148 Ga. App. 480, 482 (1) (251 SE2d 580) (1978).

[9] See *Mayor &c. of Savannah,* supra.

[10] See *Gilbert v. Richardson,* 264 Ga. 744, 753 (6) (452 SE2d 476) (1994); *Logue v. Wright,* 260 Ga. 206, 207-208 (1) (392 SE2d 235) (1990); *Williams v. Solomon,* 242 Ga. App. 807, 808 (1) (531 SE2d 734) (2000) (a police officer exercises discretion in rushing to back up another officer and his pursuit of another vehicle is within the scope of his authority, thereby entitling him to official immunity for injuries to a citizen resulting from a collision during the pursuit).

[11] (Punctuation omitted.) *Mayor &c. of Savannah,* supra at 167 (2).

[12] See *Amedisys Home Health v. Howard,* 269 Ga. App. 656, 657 (605 SE2d 60) (2004) (an

of the collision, Ray was in uniform and had activated the emergency lights and siren in his patrol car. More importantly, he was responding to a law enforcement situation, thereby providing a benefit to the Sheriff's department. The collision would not have occurred but for Ray's decision to assist his fellow officers. Thus, because there was a causal connection between Ray's employment and the collision, Stevenson's injuries arose out of his and Ray's employment as police officers.[13] It follows, therefore, that the trial court did not err in granting Ray's motion for summary judgment.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 30, 2006.

*Karen K. Daniels*, for appellants.
*Michael A. O'Quinn*, for appellee.

injury is incident to and arises out of one's employment when it is connected with the employee's job duties); compare *Mayor &c. of Savannah*, supra (a police officer's injuries did not arise out of her employment where she was involved in a collision unrelated to her police work while on her way to work in her personal car).

[13] See *Amedisys*, supra; *Graves v. Builders Steel Supply*, 186 Ga. App. 736 (368 SE2d 188) (1988) (an employee's injury arises out of his employment even if he has no special permission from the employer to do the particular act, provided that the act benefits the employer and is reasonably related to the employee's regular work).