MILLER, Presiding Judge.
Marlon Castillo was injured while running a personal errand on a Sunday afternoon when he was not at work for his employer, The Avrett Plumbing Company (“Avrett”). Castillo sought workers’ compensation indemnity benefits under the theory that he was a continuous employee at the time of his injury. Following a hearing, an administrative law judge (“ALJ”) granted Castillo’s request for benefits. Avrett appealed the ALJ’s decision to the Appellate Division of the State Board of Workers’ Compensation (the “Appellate Division”), which vacated the ALJ’s award and denied Castillo’s request for benefits based on its finding that Castillo was not a continuous employee because he was not away from his residence for a work-related purpose at the time he was injured.
Castillo appealed the Appellate Division’s decision to the Superior Court of Richmond County, which reinstated the ALJ’s award of benefits to Castillo. This Court granted Avrett’s application for discretionary review, and Avrett appeals contending that the Superior Court did not give proper deference to the Appellate Division’s factual findings. After a thorough review of the record, we agree and reverse.
In the absence of legal error, the factual findings of the Appellate Division must be affirmed by the superior court and by this Court when supported by any evidence in the administrative record. MARTA v. Thompson, 326 Ga. App. 631 (757 SE2d 228) (2014). With this standard of review in mind, we turn to the facts of the present appeal.
*672 Viewed in the light most favorable to Avrett and its insurer, Technology Insurance Company (collectively “Appellants”), as the parties prevailing before the Appellate Division,[1] the evidence shows that in 2012, Castillo was hired as an hourly employee of Avrett, a plumbing company based in Augusta. Castillo’s work hours were Monday through Friday from 8:00 a.m. to 5:00 p.m., as well as occasional overtime hours on weekdays only. Castillo was only paid for the hours in which he actually performed his job duties.
Avrett provided Castillo with a hotel room in Augusta during the work week because he did not have an Augusta residence. Although Castillo did not work weekends, Avrett gratuitously permitted Castillo to use the Augusta hotel room over the weekend because the seven-day weekly rental arrangement would have left the room otherwise unused. This allowance permitted Castillo to remain in Augusta over the weekends, which he chose to do because his financial situation and car troubles made it difficult for him to travel home each weekend at his own expense.
On the afternoon of Sunday, March 9, 2014, while in Augusta, Castillo tripped and broke his ankle while running a personal errand to buy himself groceries. There is no dispute that Castillo was off work and was not “on-call” at the time of his injury.[2]
“The Workers’ Compensation Act is a humanitarian measure which should be liberally construed to effectuate its purpose.” (Citation omitted.) City of Waycross v. Holmes, 272 Ga. 488, 489 (532 SE2d 90) (2000). Nevertheless, the Workers’ Compensation Act does not cover an employee’s injuries in all circumstances. Rather, an injury is generally compensable “only if it arises out of and in the course of the employment. [This] test presents two independent and distinct criteria, and an injury is not compensable unless it satisfies both.” (Citations omitted.) Mayor and Aldermen of the City of Savannah v. Stevens, 278 Ga. 166 (1) (598 SE2d 456) (2004); see also OCGA § 34-9-1.
With regard to the first requirement, this Court has explained that, “[t]he words ‘in the course of the employment’relate to the time, place, and circumstances under which the accident takes place.” New Amsterdam Cas. Co. v. Sumrell, 30 Ga. App. 682, 688-689 (118 SE 786) (1923). To satisfy this requirement, the accident must have arisen “within the period of employment at a place where the employee may reasonably be in the performance of his duties and while he is *673 fulfilling those duties or engaged in doing something incidental thereto.” (Citation omitted.) Id. at 689.
Although the general rule is that an injury sustained while an employee is going to and from his place of employment does not arise from the course and scope of his employment, there is an exception to this general rule known as the “continuous employment doctrine.” Stevens, supra, 278 Ga. at 166-167 (1).
Under Georgia’s doctrine of continuous employment, more commonly known nationally as “the traveling employee” doctrine, there is broader workers’ compensation coverage afforded [to] an employee who is required by his employment to lodge and work within an area geographically limited by the necessity of being available for work on the employer’s job site. Such an employee is, in effect, in continuous employment, day and night, for the purposes of the Workers’ Compensation Act, and activities performed in a reasonable and prudent manner for the health and comfort of the employee, including recreational activities, arise out of and are in the course of the employment.
(Citations and punctuation omitted.) Ray Bell Constr. Co. v. King, 281 Ga. 853, 855 (642 SE2d 841) (2007).
Here, following a hearing, the ALJ found that Castillo was a continuous employee, even though he was not on-call, because he was “required by his employment to live away from home while working.” The Appellate Division disagreed, finding that
[Castillo] was not paid to work as an “on-call” employee on the weekend, or for otherwise being in the proximity of his employment while he was off-work. Rather, the preponderance of the competent and credible evidence reveals that, over the course of his employment, [Castillo] primarily remained in Augusta over the weekend, not for any employment-related reasons, but due to personal transportation and financial constraints.
(Emphasis supplied.) The Appellate Division further stated, “[Castillo] was not serving any requirement of employment or under the control of [Appellants].” Accordingly, the Appellate Division concluded that the continuous employment doctrine did not apply, and thus it reversed the ALJ’s award of workers’ compensation benefits.
Castillo timely appealed to the Superior Court of Richmond County, raising only the argument that his injuries fell within the *674 protections of the continuous employment doctrine. The Superior Court reversed the decision of the Appellate Division and reinstated the ALJ’s award of benefits, holding that the facts leading up to Castillo’s injury supported the finding that he was a continuous employee and thus he was entitled to compensation benefits under the broad protections offered by the Workers’ Compensation Act. Specifically, the Superior Court found “[Castillo] must be in the general locale of [Avrett] to begin the week just as [Castillo] must be in the general locale of [Avrett] to work Tuesday, Wednesday, Thursday, and Friday [Castillo] in this case decided to lie present in Augusta on Sunday afternoon to prepare for work on Monday”
In two related enumerations of error, Appellants contend that the Superior Court did not give proper deference to the Appellate Division’s factual findings concerning the purpose of Castillo’s presence in Augusta on the day he was injured. We agree.
On appeal from the decision of an ALJ in a workers’ compensation case, the ALJ’s findings of fact “shall be accepted by the [Appellate Division] where such findings are supported by a preponderance of competent and credible evidence contained within the records.” (Punctuation omitted.) Bonus Stores v. Hensley, 309 Ga. App. 129, 131 (1) (710 SE2d 201) (2011); OCGA § 34-9-103 (a). Nevertheless, the Appellate Division is authorized to “weigh the evidence and assess the credibility of witnesses.” Syntec Indus. v. Godfrey, 269 Ga. 170, 171 (1) (496 SE2d 905) (1998); see also OCGA § 34-9-103 (a). Moreover,
if after assessing the evidence of record, the [A]ppellate [Division concludes that the award does not meet the statute’s evidentiary standards, the [A]ppellate [Division may substitute its own alternative findings for those of the ALJ, and enter an award accordingly
(Citation and punctuation omitted.) Godfrey, supra, 269 Ga. at 171 (1).
In reviewing a workers’ compensation award, both the Superior Court and this Court must affirm the factual findings of the Appellate Division that are supported by “any evidence in the administrative record.” (Citation and punctuation omitted.) Strickland v. Crossmark, Inc., 298 Ga. App. 568, 569 (680 SE2d 606) (2009); OCGA § 34-9-105 (c). This “any evidence rule” prohibits both the Superior Court and this Court from “substituting] itself as a factfinding body in lieu of the [Appellate Division].” (Citation and punctuation omitted.) Med. Center v. Hernandez, 319 Ga. App. 335 (1) (734 SE2d 557) (2012).
*675 Here, the ALJ made a factual finding that Castillo “was required by his employment to live away from home while working,” and therefore found his injuries to be compensable pursuant to the continuous employment doctrine. The Appellate Division, however, found that the preponderance of competent and credible evidence did not support the ALJ’s factual findings, and it properly exercised its authority to substitute its own factual findings in determining that Castillo was not present in Augusta for an employment-related reason. See Godfrey, supra, 269 Ga. at 171 (1).
Although the Superior Court was entitled to review de novo the legal findings of the Appellate Division, as well as the legal implications of its factual findings,[3] it was required to accept the Appellate Division’s factual findings if there was any evidence in the record to support them. Hernandez, supra, 319 Ga. App. at 335 (1). Here, the Superior Court recognized the necessary deference to the Appellate Division, but nonetheless made a contradictory factual finding when it determined that Castillo was present in Augusta on the day he was injured to prepare for work on Monday. The record, however, includes some evidence supporting the Appellate Division’s conclusion. Therefore, the Superior Court lacked authority to substitute its own factual findings for that of the Appellate Division, and the Superior Court exceeded its limited standard of review in doing so. Id.
As stated above, an employee is only entitled to workers’ compensation benefits if the accident which caused his injuries arose “within the period of employment at a place where the employee may reasonably be in the performance of his duties and while he is fulfilling those duties or engaged in doing something incidental thereto.” (Citation omitted.) Sumrell, supra, 30 Ga. App. at 689. Here, the Appellate Division found that Castillo was not mandated to be in Augusta on Sunday for any employment-related reason. Castillo was present there merely as a personal convenience so that he could utilize the housing gratuitously provided by Avrett and be present at work on Monday. For this reason, Castillo was not a continuous employee on the weekend in question, and his injury did not arise out of the course and scope of his employment. Hernandez, supra, 319 Ga. App. at 338 (2). Accordingly, Castillo is not entitled to workers’ compensation benefits. Although we are sympathetic to Castillo’s circumstance, we must reverse the Superior Court’s judgment.

*676
Judgment reversed.

Branch, McMillian, Mercier, Reese and Bethel, JJ., concur. Ellington, P. J., and Dillard, P. J., concur in judgment only. McFadden, P. J., dissents.

 Ray Bell Constr. Co. v. King, 281 Ga. 853, 854 (642 SE2d 841) (2007).

 At the outset of the case, there was a dispute as to whether Castillo was “on-call” over that weekend. The ALJ found, and the Appellate Division agreed, that a preponderance of the evidence showed that Castillo was not on-call on the weekend he was injured. Castillo does not appeal this finding.

 “Erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, however, are subject to the de novo standard of review.” (Citation and punctuation omitted.) Thompson, supra, 326 Ga. App. at 631.