47767. WILSON v. GEORGIA POWER COMPANY.
47768. DANIELS v. GEORGIA POWER COMPANY.

Stolz, Judge. These companion cases are appeals by an employee of Georgia Power Company, Wilson, and the widow of a fellow employee, Daniels, from the Superior

Court of Sumter County's judgment reversing the award of the State Board of Workmen's Compensation in favor of both claimants. The evidence shows that both Wilson and Daniels regularly lived in Wadley, Jefferson County, Georgia; that they were employed by Georgia Power Company as members of a traveling construction crew that the power company kept together and moved around the state as its needs required; that the members of the traveling construction crew were required to stay close enough to each job site to report for work each morning; that, because of the distance involved, it was impractical for members of the traveling construction crew to reside in their respective homes each evening after work; that Georgia Power Company paid members of the traveling construction crew who had been its employees a certain length of time a weekly allowance to defray room and board expenses, which Daniels was receiving but Wilson was not; that on the day of the accident, the traveling construction crew completed certain work in Thomaston, Upson County, and were instructed to report to a job site in Americus, Sumter County, the next day at 8:00 o'clock a.m.; that, while Wilson and Daniels were traveling on a direct route from Thomaston to previously secured lodgings of their own choosing in Americus, the automobile accident occurred, causing Daniels's death and Wilson's injury. *Held:*

1. This case is controlled, with respect to the issue of the accident's arising out of and in the course of employment, by the case of *McDonald v. State Hwy. Dept.,* 127 Ga. App. 171 (192 SE2d 919), and cases therein cited. The evidence shows that the employees here, as in the cases of *McDonald* and those cited therein, were required by their employment to lodge and work within an area geographically limited by the necessity of being available for work on the employer's

job site, hence were, in effect, in continuous employment, day and night, for the purposes of the Workmen's Compensation Act. The full quotation from *Railway Express Agency v. Shuttleworth,* 61 Ga. App. 644 (1b) (7 SE2d 195), partially quoted in *McDonald,* supra, p. 176 includes "exposure to the *perils of the highway . . .* " etc. (Emphasis supplied.) Although the fact that the employer paid for the employees' room and board while they were away from home, tends to substantiate the requirement that the employees remain in the general vicinity of the job site, the fact that Wilson, merely because of his insufficient length of employment, was not receiving such an allowance, would not authorize a finding that he was not likewise subject to this condition of the employment.

2. Although no formal notice of the accident was given the employer within 30 days, such formal notice was not required under the provisions of Code § 114-303, since the evidence showed that the foreman of the two employees had ordered them to report to work in Americus the next day; knew that they were rooming in that city; found out on the day of the accident that they were injured on a direct route from their job to their lodging place and their next job site; talked with their fellow employees, who had been following their automobile and who arrived shortly after the collision; and visited Wilson in the hospital, discussing the details of the collision with him, within 2 or 3 days thereafter and on several other occasions. Daniels was prevented from giving the formal notice by his death. Wilson and Daniels's widow did not have to give formal notice, because the above facts constituted knowledge of the accident under § 114-303 sufficient to put the employer on notice of the accident. See *Electric Mut. Liab. Ins. Co. v. Grynkewich,* 122 Ga. App. 765, 767 (178 SE2d 732); *Insurance Co. of N. America v. Ross,* 122 Ga. App. 760 (178 SE2d 762). Of course, "the notice

required is notice of an injury by accident arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not meet the requirement of the statute." *Royal Indem. Co. v. Coulter,* 213 Ga. 277, 279 (98 SE2d 899). In this case, the employer's foreman had sufficient knowledge of the facts upon which we have found above, by the application of existing laws, that the accident arose out of and in the course of the employment. The fact that the law had not previously been applied to this precise factual situation, does not make the notice insufficient.

Consequently, the trial court erred in its judgment reversing the awards of the board in favor of both claimants.

*Judgments reversed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JANUARY 11, 1973 — DECIDED FEBRUARY 7, 1973 — REHEARING DENIED MARCH 1, 1973 —

*Lanier, Powell, Cooper & Cooper, Jack L. Cooper,* for appellants.

*Richard W. Best,* for appellee.