## 56599. UNITED STATES FIDELITY & GUARANTY COMPANY et al. v. NAVARRE.

QUILLIAN, Presiding Judge.

The widow of Henry Navarre filed a claim for workers' compensation benefits to which she contended she was entitled as a result of her husband's death.

A hearing was held and the administrative law judge entered an award denying compensation. An appeal was made to the full board which adopted the administrative law judge's findings of fact and conclusions of law and also denied compensation. The findings of fact and conclusions of law in the award stated in part: "VI. The undisputed evidence shows as a matter of fact that neither the line foreman nor the members of the crew received any additional amount for travel expenses from their place of residence to the job site nor did they receive cost of miles and lodging while away from their residence except in emergency situations such as where a natural disaster had knocked out power lines in an area and this was not the situation in the instant case as the evidence shows that this was a normal job and that, in fact, many of the jobs would last for months at a time and there was no requirement that the employees remain near the job site. In fact, the evidence shows that on many jobs, the men would commute from their place of residence and on other times would stay at a motel or place closer to their work site, however, the evidence shows that Mr. Navarre was living in Social Circle, Georgia, a distance of approximately 86 miles, and although Mr. Navarre and the crew were not required to stay together, they normally would stay at the same motel but there was no requirement by the employer or payment made by the

employer or direction or supervision given to them as to whether they would commute or remain in close proximity to the job location.

"VII. I find as a matter of fact that the only requirement was that the deceased and the other members of the crew be on the job site at 7:00 A.M. and work until 5:30 P.M. as they had done on the previous Monday and that except for the occurrence of the untimely death of Mr. Navarre, the only requirement would have been that he report to work at 7:00 A.M. and that the employees were doing nothing in the furtherance of his employer's job on the date of his death and had pursued a normal evening activity, namely socializing with the crew members, playing cards, and retiring for the evening. I, therefore, find as a matter of fact that the instant case is distinguished from the *Wilson & Daniels vs. Georgia Power Company* cases as cited in 128 Georgia Appeals 352 and also *McDonald vs. State Highway Department* 127 Georgia Appeals 171, due to the fact that the claimants were not given any additional sums of money as per diem, expense account or other monies, to compensate their being away from home, and therefore, did not remain constantly in the general employment of Pike, but were free to leave the job site and even return home if they desired to do so as long as they were on the job the following morning, and therefore, I find as a matter of fact that the claim must be denied as the death did not arise both in and out of the course of the employment."

Upon appeal to the superior court a judgment was entered reversing and remanding the award on the grounds that the board had decided the award on an erroneous legal theory. The judgment of the superior court read in part: "The State Board of Workmen's Compensation has distinguished the cases of *Wilson v. Georgia Power Company,* [128] Ga. App. 352 (1973) and *McDonald v. State Highway Department,* 127 Ga. App. 171 (1972) on the sole basis that the claimants in the *Wilson* and *McDonald* cases received travel allowances whereas the decedent Navarre in the instant case did not receive a travel allowance. In *Wilson v. Georgia Power Company,* supra, 353-354, it was held that the employees were entitled to compensation on the grounds that they

were in 'continuous employment' because they were 'required by their employment to lodge and work within an area geographically limited by the necessity of being available for work on the employer's job site, hence were, in effect, in continuous employment, day and night, for the purposes of the Workmen's Compensation Act . . . although the fact that the employer paid for the employees' room and board while they were away from home tends to substantiate the requirement that the employees remain in the general vicinity of the job site, *the fact that (an employee) . . . was not receiving such an allowance, would not authorize a finding that he was not likewise subject to this condition of employment.'* (Emphasis supplied.) In accord, *Employers Liability Assurance Ltd., et al. v. Montgomery,* 45 Ga. App. 634 (1932)." *Held:*

The award of the administrative law judge which was adopted by the board states: "I, therefore, find as a matter of fact that the instant case is distinguished from the *Wilson & Daniels vs. Georgia Power Company* cases as cited in 128 Georgia Appeals 352 and also *McDonald vs. State Highway Department* 127 Georgia Appeals 171, due to the fact that the claimants were not given any additional sums of money as per diem, expense account or other monies, to compensate their being away from home, and, therefore, did not remain constantly in the general employment of Pike, but were free to leave the job site and even return home if they desired to do so as long as they were on the job the following morning, and therefore, I find as a matter of fact that the claim must be denied as the death did not arise both in and out of the course of the employment."

A reading of the award shows that the board based its determination that the deceased was not constantly in the general employment of Pike solely on the fact that he was not paid per diem or an expense account to compensate him for being away from home. This was clearly an erroneous legal theory. The proper test to be applied is whether an employee while working away from his home is required by his employment to lodge and work within an area geographically limited by the necessity of being available for work on the employer's job site and is, in

effect, in continuous employment. *Wilson v. Ga. Power Co.,* 128 Ga. App. 352 (196 SE2d 693).

In the *Wilson* case the claimant was not paid his room and board; yet, because he was required to lodge close enough to each job site to be able to report to work each morning, it was held that his injury arose out of and in the course of his employment. In that case it was held that the fact that an employee was or was not paid his room and board when away from home was only a fact which could be considered in making a determination of whether he was in continuous employment day and night.

The award having been based on an erroneous legal theory the judgment of the superior court was correct.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED SEPTEMBER 7, 1978 — DECIDED SEPTEMBER 25, 1978.

*Hopkins & Gresham, H. Lowell Hopkins, Patrick J. McKenna,* for appellants.

*Robert E. Reily, III, George H. Connell, Jr.,* for appellee.