A99A0133. BOYD BROTHERS TRANSPORTATION COMPANY, INC. v. FONVILLE.
(516 SE2d 573)

Judge Harold R. Banke.

This Court granted a discretionary appeal in this workers' compensation case to determine whether the "continuous employment" doctrine was properly applied in awarding the claimant benefits.

In 1995 Corey Fonville was hired as a truck driver by Boyd Brothers Transportation Company, Inc. After completing an orientation session at the company's headquarters in Alabama, Fonville returned home to North Carolina to await assignment with a company trainer. Although he was paid a trainee's weekly salary of $300 while he waited, Fonville requested permission to go to the company's terminal in Austell, Georgia, where there was a greater opportunity of being assigned a trainer.

On October 3, 1995, a driver for Boyd Brothers picked up Fonville and transported him to the Austell terminal, where tempo-

rary lodging facilities were provided for company drivers. Fonville thought he was supposed to stay at the terminal to be available for a training assignment, but while there he performed no work other than parking one trailer for the driver who brought him to the terminal. Fonville claims he was informed that his actual training was scheduled to begin on October 6, 1995.

On the evening of October 5, 1995, Fonville decided to walk to a nearby convenience store to get food because the vending machines at the terminal contained only candy and chips. On the way to the store, he faced the oncoming traffic, but on the return he walked with his back to the traffic, and he was severely injured when a car struck him from behind.

Boyd Brothers controverted Fonville's workers' compensation claim on the ground the injury occurred as Fonville attended to a personal mission and thus did not arise out of and in the course of his employment. In awarding benefits, however, the administrative law judge found Fonville was in the continuous employment of Boyd Brothers during his stay at the Austell terminal, and the employment was not broken merely because Fonville went to get food. The appellate division upheld that determination, and the superior court affirmed based on the any evidence rule. *Held*:

The scope of employment of a traveling employee is broader than that of an ordinary employee. An employee who is taken away from home by his or her employment and who of necessity must eat and sleep away from home in order to further the employer's business may be considered to be in the continuous employment of the employer, day and night. *McDonald v. State Hwy. Dept.*, 127 Ga. App. 171, 173 (192 SE2d 919) (1972). In such a case, " '[i]t can not be said that the employment is broken by *mere intervals of leisure* such as those taken for a meal.' " (Emphasis in original.) Id. at 175.

> The proper test to be applied is whether an employee while working away from his home is required by his employment to lodge and work within an area geographically limited by the necessity of being available for work on the employer's job site and is, in effect, in continuous employment.

*U. S. Fidelity &c. Co. v. Navarre*, 147 Ga. App. 302, 304-305 (248 SE2d 562) (1978).

In this case, Boyd Brothers contends it did not require Fonville to go to the Austell terminal as a condition of his employment; rather, it merely accommodated his desire to begin his training at the earliest opportunity, and for that reason Fonville's presence at the terminal and his injury fell outside the scope of "continuous

employment." However, that accommodation was intended to be mutually beneficial, as both parties shared the common goal of getting Fonville on the road as an experienced driver sooner rather than later.

In order to accomplish that mutual goal by being available for the earliest training, Fonville was required to go to the Austell terminal. He was already on Boyd Brothers' payroll when he went there, and Boyd Brothers would have benefited from the arrangement if the injury had not occurred.

In these circumstances, the evidence authorized the State Board's finding that Fonville was in continuous employment during his sojourn at the Austell terminal and that he did not break his employment when he left the premises to get a meal. Accordingly, the superior court properly affirmed the State Board's award.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 22, 1999 — 

*Wilson, Strickland & Benson, Norman S. Epstein, Vincent Hill*, for appellant.

*Jett & Liss, Joel I. Liss*, for appellee.