S03G1536. MAYOR AND ALDERMEN OF THE CITY OF
SAVANNAH v. STEVENS.

(598 SE2d 456)

FLETCHER, Chief Justice.

We granted certiorari to determine whether the Court of Appeals correctly held that the injuries suffered by police officer Eunita Stevens in a car accident while on her way to work arose out of and in the course of her employment.[1] Because Stevens' injuries were in no way related to her duties as a police officer, they did not arise out of her employment. Therefore, we reverse.

Prior to the accident on November 30, 1999, Stevens worked as an administrative corporal in the Savannah Police Department. The accident occurred as Stevens was driving to work in her personal car and wearing her police uniform. The Administrative Law Judge found that the accident arose out of and in the course of Stevens' employment because, according to the policies of the Savannah Police Department, "she was subject to be called to duty 24 hours per day and was expected to preserve the peace and enforce the law even when off duty." The ALJ Appellate Division, Superior Court, and Court of Appeals all affirmed, finding the decision to be supported by some evidence. That decision, however, unjustifiably extends the scope of a public employer's liability for employee injuries under established workers' compensation law. It would require workers' compensation liability to issue any time an off-duty, uniformed police officer were injured within the city or county limits where they are charged with enforcing the law, no matter whether the injury in any way arose out of the officer's employment.

1. Generally, an injury is compensable only if it arises out of and in the course of the employment.[2] The test presents two independent and distinct criteria, and an injury is not compensable unless it satisfies both.[3]

An injury arises in the course of certain employment if the employee is engaged in that employment at the time the injury occurs.[4] Generally, "a workman injured while going to or from his

---

[1] *Mayor and Aldermen of the City of Savannah v. Stevens*, 261 Ga. App. 694 (583 SE2d 553) (2003).

[2] OCGA § 34-9-1 (4) (" 'Injury' or 'personal injury' means only injury by accident arising out of and in the course of the employment."); *Blue Bell Globe Mfg. Co. v. Baird*, 61 Ga. App. 298, 299 (6 SE2d 83) (1939).

[3] *New Amsterdam Cas. Co. v. Sumrell*, 30 Ga. App. 682, 688-689 (118 SE 786) (1923); *American Hardware Mut. Ins. Co. v. Burt*, 103 Ga. App. 811 (120 SE2d 797) (1961).

[4] *New Amsterdam Cas. Co.*, 30 Ga. App. at 688; *United States Fid. & Guar. Co. v. Hamlin*, 98 Ga. App. 167 (105 SE2d 481) (1958).

place of work is not in the course of his employment."[5] The unique role of police officers, however, will sometimes require a departure from this general rule. In *Barge v. City of College Park*, the Court of Appeals ruled that police officers would be considered within the course of their employment when they are "on duty or on call, that is, subject to duty."[6] This exception to the general rule, known as the continuous employment doctrine, recognizes that police officers are often called to enforce the law at any time within their jurisdiction, regardless of whether or not they are actually on-duty at the time.

Although Stevens was off-duty at the time of the accident, Savannah's policy required that Stevens enforce the law at any time while she was within the Savannah City limits. Accordingly, under the doctrine of continuous employment, Stevens' injury arose in the course of her employment.

2. An injury arises out of certain employment when it results from exposure occasioned by the nature of the employment, or where there is a " 'causal connection between the conditions under which the work is required to be performed and the resulting injury.' "[7] An injury does not arise out of the employment if it was caused by a " 'hazard to which the work[er] would have been equally exposed apart from the employment.' "[8] Where the injury does not " 'arise out of' the employment, the [Workers' Compensation] Act is not applicable regardless whether the injury . . . occurred 'in the course' of the employment."[9]

Stevens' car accident in this case was in no way related to her work as a police officer. At the time of the accident, she was not actively engaged in any police work nor was she responding to a law enforcement problem. The hazards she encountered were in no way occasioned by her job as a police officer. Because there was no causal connection between her employment and her accident, Stevens' injuries did not arise out of her employment.

In *Board of Trustees of the Policemen's Pension Fund of Atlanta v. Christy*,[10] this Court found that a police officer's injury, which occurred while he was riding home on a police motorcycle, met the requirements of the Workers' Compensation Act. The opinion fails, however, to distinguish between injuries "arising out of" employment and those incurred "in the course of" employment, both of which are required for recovery. Because Christy was on a police motorcycle and

---

[5] *Wilcox v. Shepherd Lumber Corp.*, 80 Ga. App. 71 (55 SE2d 382) (1949).

[6] 148 Ga. App. 480, 482 (251 SE2d 580) (1978).

[7] *SCI Liquidating Corp. v. Hartford Fire Ins. Co.*, 272 Ga. 293, 294 (526 SE2d 555) (2000).

[8] *New Amsterdam Cas. Co.*, 30 Ga. App. at 688.

[9] *Garrett v. K-Mart Corp.*, 197 Ga. App. 374, 375 (398 SE2d 302) (1990).

[10] 246 Ga. 553 (272 SE2d 288) (1980).

was thereby providing a benefit to his employer, he could be considered within the course of his employment at the time of the accident.[11] Because, however, there is no indication that his injury arose out of his employment, this Court erred when it found his injuries to be compensable. Accordingly, that case is hereby overruled to the extent it is inconsistent with this opinion.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 7, 2004 —
RECONSIDERATION DENIED JULY 12, 2004.

*James B. Blackburn, Oliver, Maner & Gray, Patrick T. O'Connor, Patricia T. Paul*, for appellant.

*Karsman, Brooks & Callaway, Timothy F. Callaway III, Harris O'Dell, Jr.*, for appellee.

---

[11] See *American Mut. &c. Ins. Co. v. Curry*, 187 Ga. 342, 353 (200 SE 150) (1938).