**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 21, 2012**

# In the Court of Appeals of Georgia

A12A1292. THE MEDICAL CENTER, INC. v. HERNANDEZ et al.

A12A1315. HERNANDEZ et al. v. ATLANTA DRYWALL, LLC et al.

MCFADDEN, Judge.

An administrative law judge denied workers' compensation claims that were based on injuries sustained by two employees who were in a motor vehicle accident while on their way to work. The appellate division of the State Board of Workers' Compensation and the superior court both affirmed the ALJ's decision. In Case No. A12A1292, interested party The Medical Center, Inc., which provided medical care to both employees, appeals from the superior court order; and in Case No. A12A1315, employee Celvin Hernandez and the guardian of the dependent children of deceased employee Juan Alvarez-Hilario jointly appeal. Because the superior court correctly

ruled that the accident did not arise out of or in the course of Hernandez and Alvarez-Hilario's employment, we affirm.

1. *Accidents going to and from work generally are not compensable.*

> [I]n reviewing a workers' compensation award, this [c]ourt must construe the evidence in the light most favorable to the party prevailing before the appellate division. In addition, the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and neither the superior court nor this [c]ourt may substitute itself as a factfinding body in lieu of the State Board. But erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to a de novo standard of review.

(Citations and punctuation omitted.) *Wilkinson County Bd. of Educ. v. Johnson*, ___ Ga. App. ___ (Case No. A12A0996, decided September 6, 2012).

So construed, the evidence shows that Hernandez and Alvarez-Hilario were employed by Atlanta Drywall, LLC, which was a subcontractor for Rightway Drywall, Inc. Near the beginning of January 2010, the two employees began working on a church construction project in Columbus, Georgia. Hernandez and Alvarez-Hilario lived in Savannah and would make the four-hour drive to Columbus early on Monday mornings, work ten-hour days through the week, and then on Saturdays drive back to Savannah to spend the weekends at home. They were paid only for the hours they actually worked on the job site, and were not paid for travel time. While they

were in Columbus for the work week, Rightway arranged and paid for their lodging at a local motel, and would later recoup those expenses from Atlanta Drywall.

On the morning of Monday, February 8, 2010, Hernandez and Alvarez-Hilario left their homes in Savannah to drive to work in Columbus. They were passengers in a personal truck driven by a co-worker. When they were approximately five minutes away from the job site, they were involved in an accident and the truck overturned. Alvarez-Hilario died as a result of the accident and Hernandez was hospitalized for weeks with serious injuries.

"To be compensable under the Workers' Compensation Act, an employee's accidental injury must arise both out of and in the course of his or her employment. OCGA § 34-9-1 (4)." (Citations and punctuation omitted.) *Stokes v. Coweta County Bd. of Educ.*, 313 Ga. App. 505, 507 (722 SE2d 118) (2012). The term "arising out of" refers to some causal connection between the conditions under which the employee worked and the injury. Id. at 508. The words "in the course of" relate to the time, place and circumstances of the accident. Id. "An injury arises in the course of certain employment if the employee is engaged in that employment at the time the injury occurs." (Citations omitted.) *Mayor &c. of Savannah v. Stevens*, 278 Ga. 166, 166-167 (1) (598 SE2d 456) (2004).

"In general, collisions occurring while employees are traveling to and from work do not arise out of and in the course of employment." (Citation omitted.) *Stevenson v. Ray*, 282 Ga. App. 652, 654 (640 SE2d 340) (2006). In this case, Hernandez and Alvarez-Hilario were not yet engaged in their employment at the time of the accident. Rather, they were traveling to the work site when the accident occurred. Thus, as found by the ALJ, appellate division and superior court, the injuries sustained while traveling to work did not arise out of or in the course of their employment.

2. *Continuous employment doctrine.*

The appellants argue that the injuries should nevertheless be compensable under the continuous employment doctrine. However, their reliance on that doctrine is misplaced.

> Under Georgia's doctrine of continuous employment, more commonly known nationally as the traveling employee doctrine, there is broader workers' compensation coverage afforded an employee who is required by his employment to lodge and work within an area geographically limited by the necessity of being available for work on the employer's job site. Such an employee is, in effect, in continuous employment, day and night, for the purposes of the Workers' Compensation Act, and activities performed in a reasonable and prudent manner for the health and comfort of the employee, including recreational activities, arise out of and are in the course of the employment.

4

(Citations and punctuation omitted.) *Ray Bell Constr. Co. v. King*, 281 Ga. 853, 855 (642 SE2d 841) (2007).

It is true that the employees in this case were required to lodge and work in Columbus during the work week. Thus, once they had arrived at the job site and begun their duties for the week, barring some deviation for a personal mission wholly foreign to their employment, the continuous employment doctrine very well might have been applicable to Hernandez and Alvarez-Hilario. See *Ray Bell*, supra at 856-857. However, at the end of each work week, when they left Columbus to return to their homes in Savannah for the weekend, they were no longer performing work duties or being paid by their employer. Thus, at that point, they were off-duty and no longer continuously employed. Any continuous employment coverage for the employees would have resumed only when they were back in the general proximity of the place where they were employed and "*at a time [they were] employed* to be in that general proximity. [Cit.]" (Emphasis supplied.) *Ray Bell*, supra at 856. As demonstrated by numerous cases, an injury arises out of and in the course of a traveling employee's employment if he is injured "in performing the duties of his employment." *Aetna Casualty &c. Co. v. Jones*, 82 Ga. App. 422, 426 (61 SE2d 293) (1950 ). Although Hernandez and Alvarez-Hilario were arguably in the general

5

proximity of the construction site at the time of the accident, it is undisputed that they had not yet arrived at the site and thus had not yet resumed performing the duties of their employment.

Cases which have found injuries to be compensable under the continuous employment doctrine involve employees who, unlike Hernandez and Alvarez-Hilario, were already in the midst of their employment duties for the pertinent time period. For example, in *United States Fidelity &c. Co. v. Navarre*, 147 Ga. App. 302, 302-303 (248 SE2d 562) (1978), an out-of-town employee, who had to be on his job site from 7:00 a.m. until 5:30 p.m., was staying with other workers at a nearby motel during the week when he was killed at the motel. Since he was lodging close enough to the job site to be able to report to work in the morning, the injury arose out of and in the course of his employment. Id. at 304-305. Likewise, in *McDonald v. State Highway Dept.*, 127 Ga. App. 171, 176-177 (2) (192 SE2d 919) (1972), a judgment denying workers' compensation coverage was reversed where the employee, who was required to work out of town and stay at a hotel during the week, fell on stairs at the hotel and eventually died from injuries sustained in the fall. And similarly, in *Ray Bell*, supra, an out-of-state employee living in an employer-provided apartment while working in Georgia was covered by the continuous employment doctrine when, after concluding

6

a personal mission, he was in an accident as he drove an employer-provided vehicle back to either the job site or the apartment.

Conversely, in *Mayor &c. of Savannah*, supra at 166, the Supreme Court held that an off-duty police officer who was injured in a car accident while on her way to work was not covered by the continuous employment doctrine. The Court did find that the injury arose in the course of her employment because a city policy required her to enforce the law any time she was in the city limits. Id. at 167 (1). However, the Court further held that the injury did not arise out of the officer's employment and thus was not compensable. The "car accident in this case was in no way related to her work as a police officer. At the time of the accident, she was not actively engaged in any police work nor was she responding to a law enforcement problem. The hazards she encountered were in no way occasioned by her job as a police officer." Id at 167 (2).

Similarly, in the instant case, at the time of the accident, Hernandez and Alvarez-Hilario were not engaged in any construction work. The hazards they encountered on the roadway were in no way occasioned by their jobs as construction workers, and since "there was no causal connection between [their] employment and [the] accident, [their] injuries did not arise out of [their] employment." Id. Moreover,

7

unlike the officer in *Mayor &c. of Savannah*, they were not under any sort of 24-hour per day duty to perform their jobs. Rather, as explained above, they were off-duty at the time of the accident and had not yet resumed their work for the week, so their injuries also did not arise in the course of their employment. Accordingly, the superior court correctly affirmed the board's determination that the injuries, sustained in an accident while the employees were on their way to work, were not compensable.

3. *Motions to dismiss*.

Appellee Rightway Drywall's motions to dismiss both of the above-styled appeals are hereby denied.

*Judgments affirmed. Barnes, P. J., and Adams, J., concur.*