**WHOLE COURT**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 10, 2017**

# In the Court of Appeals of Georgia

A16A1808. THE AVRETT PLUMBING CO., et al. v. CASTILLO.

MILLER, Presiding Judge.

Marlon Castillo was injured while running a personal errand on a Sunday afternoon when he was not at work for his employer, The Avrett Plumbing Co ("Avrett"). Castillo sought workers' compensation indemnity benefits under the theory that he was a continuous employee at the time of his injury. Following a hearing, an administrative law judge ("ALJ") granted Castillo's request for benefits. Avrett appealed the ALJ's decision to the Appellate Division of the State Board of Workers' Compensation (the "Appellate Division"), which vacated the ALJ's award and denied Castillo's request for benefits based on its finding that Castillo was not a continuous employee because he was not away from his residence for a work-related purpose at the time he was injured.

Castillo appealed the Appellate Division's decision to the Superior Court of Richmond County, which reinstated the ALJ's award of benefits to Castillo. This Court granted Avrett's application for discretionary review, and Avrett appeals contending that the Superior Court did not give proper deference to the Appellate Division's factual findings. After a thorough review of the record, we agree and reverse.

In the absence of legal error, the factual findings of the Appellate Division must be affirmed by the superior court and by this Court when supported by any evidence in the administrative record. *Metro. Atlanta Rapid Transit Auth. v. Thompson*, 326 Ga. App. 631 (757 SE2d 228) (2014). With this standard of review in mind, we turn to the facts of the present appeal.

Viewed in the light most favorable to Averett and its insurer, Technology Insurance Company, (collectively "Appellants") as the parties prevailing before the Appellate Division,[1] the evidence shows that in 2012, Castillo was hired as an hourly employee of Avrett, a plumbing company based in Augusta. Castillo's work hours were Monday through Friday from 8:00 a.m. to 5:00 p.m., as well as occasional

---

[1] *Ray Bell Const. Co. v. King*, 281 Ga. 853, 854 (642 SE2d 841) (2007).

overtime hours on weekdays only. Castillo was only paid for the hours in which he actually performed his job duties.

Avrett provided Castillo with a hotel room in Augusta during the work week because he did not have an Augusta residence. Although Castillo did not work weekends, Avrett gratuitously permitted Castillo to use the Augusta hotel room over the weekend because the seven-day weekly rental arrangement would have left the room otherwise unused. This allowance permitted Castillo to remain in Augusta over the weekends, which he chose to do because his financial situation and car troubles made it difficult for him to travel home each weekend at his own expense.

On the afternoon of Sunday, March 9, 2014, while in Augusta, Castillo tripped and broke his ankle while running a personal errand to buy himself groceries. There is no dispute that Castillo was off-work and was not "on call" at the time of his injury.[2]

"The Workers' Compensation Act is a humanitarian measure which should be liberally construed to effectuate its purpose." (Citation omitted.) *City of Waycross v.*

---

[2] At the outset of the case, there was a dispute as to whether Castillo was "on-call" over that weekend. The ALJ found, and the Appellate Division agreed, that a preponderance of the evidence showed that Castillo was not on-call on the weekend he was injured. Castillo does not appeal this finding.

3

*Holmes*, 272 Ga. 488, 489 (532 SE2d 90) (2000). Nevertheless, the Workers' Compensation Act does not cover an employee's injuries in all circumstances. Rather, an injury is generally compensable "only if it arises out of and in the course of the employment. [This] test presents two independent and distinct criteria, and an injury is not compensable unless it satisfies both." (Citations and footnotes omitted.) *Mayor & Alderman of Savannah v. Stevens*, 278 Ga. 166 (1) (598 SE2d 456) (2004); see also OCGA § 34-9-1.

With regard to the first requirement, this Court has explained that, "[t]he words 'in the course of employment' relate to the time, place, and circumstances under which the accident takes place." *New Amsterdam Cas. Co. v. Sumrell*, 30 Ga. App. 682, 688-689 (118 SE 786) (1923). To satisfy this requirement, the accident must have arisen "within the period of employment at a place where the employee may reasonably be in the performance of his duties and while he is fulfilling those duties or engaged in doing something incidental thereto." (Citation omitted.) Id.

Although the general rule is that an injury sustained while an employee is going to and from his place of employment does not arise from the course and scope of his employment, there is an exception to this general rule known as the "continuous employment doctrine." *Stevens*, supra, 278 Ga. at 166-167.

4

Under Georgia's doctrine of continuous employment, more commonly known nationally as 'the traveling employee' doctrine, there is broader workers' compensation coverage afforded [to] an employee who is required by his employment to lodge and work within an area geographically limited by the necessity of being available for work on the employer's job site. Such an employee is, in effect, in continuous employment, day and night, for the purposes of the Workers' Compensation Act, and activities performed in a reasonable and prudent manner for the health and comfort of the employee, including recreational activities, arise out of and are in the course of the employment.

(Citations and punctuation omitted.) *Ray Bell Const. Co. v. King*, 281 Ga. 853, 855 (642 SE2d 841) (2007).

Here, following a hearing, the ALJ found that Castillo was a continuous employee, even though he was not on call, because he was "required by his employment to live away from home while working." The Appellate Division disagreed, finding that:

[Castillo] was not paid to work as an 'on-call' employee on the weekend, or for otherwise being in the proximity of his employment while he was off work. Rather, the preponderance of the competent and credible evidence reveals that, over the course of his employment, *[Castillo] primarily remained in Augusta over the weekend, not for any*

5

*employment-related reasons, but due to personal transportation and financial constraints.*

(emphasis supplied). The Appellate Division further stated, "[Castillo] was not serving any requirement of employment or under the control of [Appellants]." Accordingly, the Appellate Division concluded that the continuous employment doctrine did not apply, and thus it reversed the ALJ's award of workers' compensation benefits.

Castillo timely appealed to the Superior Court of Richmond County, raising only the argument that his injuries fell within the protections of the continuous employment doctrine. The Superior Court reversed the decision of the Appellate Division and reinstated the ALJ's award of benefits, holding that the facts leading up to Castillo's injury supported the finding that he was a continuous employee and thus he was entitled to compensation benefits under the broad protections offered by the Workers' Compensation Act. Specifically, the Superior Court found "[Castillo] must be in the general locale of [Avrett] to begin the week just as [Castillo] must be in the general locale of [Avrett] to work Tuesday, Wednesday, Thursday, and Friday. [Castillo] in this case decided to be present in Augusta on Sunday afternoon to prepare for work on Monday."

In two related enumerations of error, Appellants contend that the Superior Court did not give proper deference to the Appellate Division's factual findings concerning the purpose of Castillo's presence in Augusta on the day he was injured. We agree.

On appeal from the decision of an ALJ in a workers' compensation case, the ALJ's findings of fact "shall be accepted by the [Appellate Division] where such findings are supported by a preponderance of competent and credible evidence contained within the records." (Citations and punctuation omitted.) *Bonus Stores, Inc. v. Hensley*, 309 Ga. App. 129, 131 (1) (710 SE2d 201) (2011); OCGA § 34-9-103 (a). Nevertheless, the Appellate Division is "authorized to weigh the evidence and assess the credibility of witnesses." *Syntec Indus., Inc. v. Godfrey*, 269 Ga. 170, 171 (1) (496 SE2d 905) (1998); see also OCGA § 34-9-103 (a). Moreover,

> if after assessing the evidence of record, the Appellate Division concludes that the award does not meet the statute's evidentiary standards, the Appellate Division may substitute its own alternative findings for those of the ALJ, and enter an award accordingly.

(Citation omitted.) *Godfrey*, supra, 269 Ga. at 171 (1).

In reviewing a workers' compensation award, both the Superior Court and this Court must affirm the factual findings of the Appellate Division that are supported

7

by "any evidence in the administrative record." (Citation omitted.) *Strickland v. Crossmark, Inc.*, 298 Ga. App. 568, 569 (680 SE2d 606) (2009); OCGA § 34-9-105 (c). This "any evidence rule" prohibits both the Superior Court and this Court from "substitut[ing] itself as a fact-finding body in lieu of the [Appellate Division]." (Citation omitted.) *Med. Center, Inc. v. Hernandez*, 319 Ga. App. 335 (1) (734 SE2d 557) (2012).

Here, the ALJ made a factual finding that Castillo "was required by his employment to live away from home while working," and therefore found his injuries to be compensable pursuant to the continuous employment doctrine. The Appellate Division, however, found that the preponderance of competent and credible evidence did not support the ALJ's factual findings, and it properly exercised its authority to substitute its own factual findings in determining that Castillo was not present in Augusta for an employment-related reason. See *Godfrey*, supra, 269 Ga. at 171.

Although the Superior Court was entitled to review de novo the legal findings of the Appellate Division, as well as the legal implications of its factual findings,[3] it was *required* to accept the Appellate Division's factual findings if there was *any*

---

[3] "Erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, however, are subject to the de novo standard of review." (Citation omitted.) *Thompson*, supra, 326 Ga. App. at 631.

*evidence* in the record to support them. *Hernandez*, supra, 319 Ga. App. at 335 (1). Here, the Superior Court recognized the necessary deference to the Appellate Division, but nonetheless made a contradictory factual finding when it determined that Castillo was present in Augusta on the day he was injured to prepare for work on Monday. The record, however, includes some evidence supporting the Appellate Division's conclusion. Therefore, the Superior Court lacked authority to substitute its own factual findings for that of the Appellate Division, and the Superior Court exceeded its limited standard of review in doing so. Id.

As stated above, an employee is only entitled to workers' compensation benefits if the accident which caused his injuries arose "within the period of employment at a place where the employee may reasonably be in the performance of his duties and while he is fulfilling those duties or engaged in doing something incidental thereto." (Citation omitted.) *Sumrell*, supra, 30 Ga. App. at 684. Here, the Appellate Division found that Castillo was not mandated to be in Augusta on Sunday for any employment related reason. Castillo was present there merely as a personal convenience so that he could utilize the housing gratuitously provided by Averett and be present at work on Monday. For this reason, Castillo was not a continuous employee on the weekend in question and his injury did not arise out of the course

and scope of his employment. *Hernandez*, supra, 319 Ga. App. at 338 (2). Accordingly, Castillo is not entitled to workers' compensation benefits. Although we are sympathetic to Castillo's circumstance, we must reverse the Superior Court's judgment.

*Judgment reversed. Branch, McMillian, Mercier, Reese and Bethel, JJ., concur. Ellington, P. J., and Dillard, P. J. concur in judgment only. McFadden, P. J., dissents.*

A16A1808. THE AVRETT PLUMBING CO. et al. v. CASTILLO.

MCFADDEN, Presiding Judge, dissenting.

I respectfully dissent. The Appellate Division's conclusion that Castillo was not a continuous employee is legally erroneous, and the superior court should have entered a judgment reversing that decision and remanding the case for a proper analysis. See *United States Fidelity & Guaranty Co. v. Navarre*, 147 Ga. App. 302, 305 (248 SE2d 562) (1978) (affirming superior court's judgment reversing and remanding award on ground that board had decided award on erroneous legal theory); see also *Chandler Telecom, LLC v. Burdette*, __ Ga. __ (2) (__ SE2d __) (Case No. S16G0595, decided Feb. 27, 2017) (where analysis of State Board of Workers' Compensation was incomplete, appellate court should have vacated Board's decision

and remanded for further findings). Accordingly, I would vacate the superior court's judgment with direction.

Whether an employee's injuries arise "out of and in the course of the employment" is a mixed question of law and fact. *Coleman v. Columns Properties*, 266 Ga. 310, 311 (467 SE2d 328) (1996); *Lavine v. American Ins. Co.*, 179 Ga. App. 898, 900 (348 SE2d 114) (1986). And although the Appellate Division's factual findings are conclusive and binding when supported by any evidence, *Ray Bell Constr. Co. v. King*, 281 Ga. 853, 854 (642 SE2d 841) (2007), "[e]rroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, . . . are subject to the de novo standard of review." *MARTA v. Thompson*, 326 Ga. App. 631 (757 SE2d 228) (2014) (citation omitted).

The Appellate Division's conclusion that Castillo was not a continuous employee at the time of his injury arises from its finding that he was not required by his employment to be in the proximity of his workplace at the time of his injury. That finding rests in turn on an overly-narrow view of what Georgia law views to be "required by his employment."

The Appellate Division cited evidence that Castillo's regular work hours were 8 to 5, Monday through Friday, and he was off-work and not "on call" on the

2

weekend in question; that the employer did not pay Castillo for his travel or living expenses, although the employer did provide a hotel room for him near the job site in Augusta; that he had no job condition requiring him to be Augusta on a work-free weekend; that he was not paid to remain in Augusta on a work-free weekend; that although the employer allowed him to stay in the hotel over a work-free weekend that was not part of his compensation; and that Castillo chose to stay in Augusta due to his personal transportation and financial constraints.

From its order, the Appellate Division appeared to believe that these facts compelled the conclusion that Castillo was not a continuous employee on Sunday evening. They do not. The fact that a traveling worker stays in employer-provided lodging on days on which he does not work does not preclude him from being a continuous employee on those days. See *Ray Bell Constr. Co.*, 856-587 (claimant was continuous employee on weekend during period in which employee was staying at employer-provided hotel but did not perform any work). Compare *Medical Center v. Hernandez*, 319 Ga. App. 335, 337 (2) (734 SE2d 557) (2012) (traveling workers were not continuous employees during the weekend when they returned to their homes). Likewise, the fact that the employee, at his discretion, arrived at his employer-provided lodging earlier than his employer required does not preclude him

3

from being a continuous employee once he arrived there. See *Boyd Bros. Transp. Co. v. Fonville*, 237 Ga. App. 721, 722-723 (516 SE2d 573) (1999) (claimant who was injured after arriving early at lodging near job site was continuous employee, although employer did not require claimant to arrive at lodging until later). Finally, the fact that the traveling worker's employer does not pay for some or all of his travel or living expenses is not conclusive. See *United States Fidelity & Guaranty Co.*, supra, 147 Ga. App. at 304-305.

As a result the Appellate Division's analysis was incomplete. The undisputed evidence shows that Castillo was injured while staying in employer-provided lodging on a Sunday evening with that employer's permission. In deciding that he was not a continuous employee at that time, the Appellate Division emphasized the fact that Castillo's employer did not require him to be a work until the following morning. But as stated above, we have held that a traveling employee who arrives to his employer-provided lodgings early, and with his employer's permission, may be considered a continuous employee even though the job did not require him to arrive early. *Boyd Bros. Transp. Co.*, supra, 237 Ga. App. at 722-723. In such circumstance, it is appropriate for the factfinder to consider whether the early accommodation "was

intended to be mutually beneficial[.]" Id. at 723. It appears from the order that the Appellate Division did not consider this point.

"The Workers' Compensation Act in Georgia is intended to have broad application so as to cover a wide variety of injuries and the pain and suffering incident to such injuries. It is a humanitarian measure which should be liberally construed to effectuate its purpose." *Ray Bell Constr. Co.*, supra, 281 Ga. at 854 (citations and punctuation omitted). The Appellate Division did not liberally construe the statute when it concluded, after an incomplete analysis, that Castillo was not a continuous employee based on facts that did not demand that conclusion. While the superior court should not have substituted its factfinding for that of the Appellate Division, see *Chandler Telecom, LLC*, supra __ Ga. at __ (2), it should have vacated the decision and remanded the case to the Appellate Division for a complete, legally correct analysis.