McFADDEN, Presiding Judge,
dissenting.
I respectfully dissent. The Appellate Division’s conclusion that Castillo was not a continuous employee is legally erroneous, and the superior court should have entered a judgment reversing that decision and remanding the case for a proper analysis. See United States Fidelity & Guaranty Co. v. Navarre, 147 Ga. App. 302, 304-305 (248 SE2d 562) (1978) (affirming superior court’s judgment reversing and remanding award on ground that board had decided award on erroneous legal theory); see also Chandler Telecom v. Burdette, 300 Ga. 626, 631 (2) (797 SE2d 93) (2017) (where analysis of State Board of Workers’ Compensation was incomplete, appellate court should have vacated Board’s decision and remanded for further findings). Accordingly, I would vacate the superior court’s judgment with direction.
Whether an employee’s injuries arise “out of and in the course of [the] employment” is a mixed question of law and fact. Coleman v. Columns Properties, 266 Ga. 310, 311 (467 SE2d 328) (1996); Lavine v. American Ins. Co., 179 Ga. App. 898, 900 (348 SE2d 114) (1986). And although the Appellate Division’s factual findings are conclusive and binding when supported by any evidence, Ray Bell Constr. Co. v. King, 281 Ga. 853, 854 (642 SE2d 841) (2007), “[e]rroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law,... are subject to the de novo standard of review.” MARTA v. Thompson, 326 Ga. App. 631 (757 SE2d 228) (2014) (citation and punctuation omitted).
The Appellate Division’s conclusion that Castillo was not a continuous employee at the time of his injury arises from its finding that he was not required by his employment to be in the proximity of his workplace at the time of his injury That finding rests in turn on an overly-narrow view of what Georgia law views to be “required by his employment.”
The Appellate Division cited evidence that Castillo’s regular work hours were 8:00 a.m. to 5:00 p.m., Monday through Friday, and he was off work and not “on-call” on the weekend in question; that the employer did not pay Castillo for his travel or living expenses, although the employer did provide a hotel room for him near the job site in Augusta; that he had no job condition requiring him to be Augusta on a work-free weekend; that he was not paid to remain in Augusta on a work-free weekend; that although the employer allowed him to stay in the hotel over a work-free weekend, that was not part *677 of his compensation; and that Castillo chose to stay in Augusta due to his personal transportation and financial constraints.
From its order, the Appellate Division appeared to believe that these facts compelled the conclusion that Castillo was not a continuous employee on that Sunday afternoon. They do not. The fact that a traveling worker stays in employer-provided lodging on days on which he does not work does not preclude him from being a continuous employee on those days. See Ray Bell Constr. Co., 281 Ga. at 856-857 (claimant was continuous employee on weekend during period in which employee was staying at employer-provided hotel but did not perform any work). Compare Med. Center v. Hernandez, 319 Ga. App. 335, 337 (2) (734 SE2d 557) (2012) (traveling workers were not continuous employees during the weekend when they returned to their homes). Likewise, the fact that the employee, at his discretion, arrived at his employer-provided lodging earlier than his employer required does not preclude him from being a continuous employee once he arrived there. See Boyd Bros. Transp. Co. v. Fonville, 237 Ga. App. 721, 722-723 (516 SE2d 573) (1999) (claimant who was injured after arriving early at lodging near job site was continuous employee, although employer did not require claimant to arrive at lodging until later). Finally, the fact that the traveling worker’s employer does not pay for some or all of his travel or living expenses is not conclusive. See United States Fidelity & Guaranty Co., 147 Ga. App. at 304-305.
As a result, the Appellate Division’s analysis was incomplete. The undisputed evidence shows that Castillo was injured while staying in employer-provided lodging on a Sunday afternoon with that employer’s permission. In deciding that he was not a continuous employee at that time, the Appellate Division emphasized the fact that Castillo’s employer did not require him to be at work until the following morning. But as stated above, we have held that a traveling employee who arrives to his employer-provided lodgings early, and with his employer’s permission, may be considered a continuous employee even though the job did not require him to arrive early. Boyd Bros. Transp. Co., 237 Ga. App. at 722-723. In such circumstance, it is appropriate for the factfinder to consider whether the early accommodation “was intended to be mutually beneficial[.]” Id. at 723. It appears from the order that the Appellate Division did not consider this point.
“The Workers’ Compensation Act in Georgia is intended to have broad application so as to cover a wide variety of injuries and the pain and suffering incident to such injuries. It is a humanitarian measure which should be liberally construed to effectuate its purpose.” Ray Bell Constr. Co., 281 Ga. at 854 (citations and punctuation omitted). The Appellate Division did not liberally construe the statute when it *678 concluded, after an incomplete analysis, that Castillo was not a continuous employee based on facts that did not demand that conclusion. While the superior court should not have substituted its factfinding for that of the Appellate Division, see Chandler Telecom, 300 Ga. at 631 (2), it should have vacated the decision and remanded the case to the Appellate Division for a complete, legally correct analysis.
Decided March 10, 2017.
Bovis, Kyle, Burch & Medlin, Benjamin A. Leonard, Joshua L. Saunders, for appellants.
W. Calvin Smith II, Eman uel D. Dressie, Kenneth P. Raley III, for appellee.